IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue NW <br> Washington, DC 20460 <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 17-1227 |

**COMPLAINT**

1.  Plaintiff American Oversight brings this action against the U.S. Environmental Protection Agency under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## **PARTIES**

5.     Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia, and its application for section 501(c)(3) status is pending with the Internal Revenue Service.

6.     Defendant the U.S. Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

## **STATEMENT OF FACTS**

7.      On March 29, 2017, EPA announced that it had denied a petition to ban the pesticide chlorpyrifos.

*The FOIA Request*

8.     On April 11, 2017, American Oversight submitted a FOIA request to EPA seeking communications between certain individuals at each agency and certain outside entities related to chlorpyrifos or other pesticides.

9.     The FOIA request sought access to the following records:

> (1) All communications between any of the individuals listed in Appendix A and any agricultural or other trade group with an

    interest in pesticides, including but not limited to CropLife, the American Farm Bureau, the American Soybean Association, the American Sugarbeet Growers Association, the National Corn Growers, or the Oklahoma Farm Bureau.

(2) All communications between any of the individuals listed in Appendix A and any pesticide manufacturer or anyone acting on behalf of a pesticide manufacturer, including but not limited to Dow Chemical or Dow AgroSciences.

(3) All communications between any of the individuals listed in Appendix A and any member of Congress or anyone acting on behalf of a member of Congress (including both personal and committee staff) regarding agricultural issues or pesticides.

(4) All communications between any of the individuals listed in Appendix A and any think tanks, including but not limited to the Heritage Foundation, regarding agricultural issues or pesticides.

(5) A copy of any decision memoranda and attachments associated with the decision to deny the petition to ban chlorpyrifos, available at https://www.epa.gov/sites/production/files/2017-03/documents/chlorpyrifos3b_order_denying_panna_and_nrdc27s_petitition_to_revoke_tolerances.pdf.

Appendix A listed the following individuals:

    (1)    Scott Pruitt, EPA Administrator;

    (2)    Mike Flynn, Acting Deputy Administrator;

    (3)    Wendy Cleland-Hammet, Acting Assistant Administrator of the Office of Chemical Safety and Pollution Prevention;

    (4)    Richard Keigwin, Acting Director of Pesticide Programs;

    (5)    Ryan Jackson, Chief of Staff;

    (6)    John Reeder, Former Acting Chief of Staff;

    (7)    David Schnare, transition team member;

    (8)    David Kreutzer, transition team member;

    (9)    Myron Ebell, transition team member;

(10) Don Benton, Senior Adviser;

(11) George Sugiyama, staffer;

(12) Any other political appointees or SES employees in the Office of the Administrator.

The request sought records from January 20, 2017, to the date of the search. A copy of the FOIA request is attached hereto as Exhibit A and incorporated herein.

*Agency Response*

10. On May 3, 2017, American Oversight received an acknowledgement letter from EPA assigning the FOIA request tracking number EPA-HQ-2017-006057 and granting American Oversight's fee waiver request.

11. On May 8, 2017, American Oversight received an email from EPA stating that the agency was currently processing a FOIA request for similar documents and asking whether American Oversight would accept the results of that search "in lieu of" the documents sought in its FOIA request. The email provided the search parameters used for the other FOIA request, which were both broader (additional custodians) and narrower (search terms) than what was sought in American Oversight's FOIA request. The email further stated that if American Oversight decided to proceed with its own FOIA request, the organization would need to clarify portions of the request.

12. On May 17, 2017, American Oversight responded to EPA, informing the agency how it would like to proceed. American Oversight stated that it was interested in receiving the results from the other search, but would then request that a supplemental search be done to capture additional documents within the scope of its FOIA request. In the alternative, American Oversight attempted to clarify its request by providing a set of proposed searches the agency

could perform that it believed would reasonably identify the records sought in its initial FOIA request.

13.     On June 14, 2017, an attorney from American Oversight contacted EPA by phone and was told the agency was proceeding with the search for documents responsive to the related FOIA request, but had not taken any additional actions to respond to American Oversight's FOIA request. In particular, EPA informed American Oversight counsel that no supplemental search for additional documents responsive to American Oversight's request—as requested in American Oversight's May 17, 2017 email—had been started.

*Exhaustion of Administrative Remedies*

14.     EPA has not responded to American Oversight's FOIA request, notwithstanding the obligation of the agency under FOIA to respond within twenty working days.

15.     Through EPA's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to EPA and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

16.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17.     American Oversight properly requested records within the possession, custody, and control of Defendant.

18.     Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

19. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

20. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

21. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

22. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of Defendant.

24. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

25. Defendant is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

26. Defendant's failure to provide all responsive records violates FOIA.

27. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA request submitted to EPA on April 11, 2017;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: June 22, 2017

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*